**No. 3412**

**Second Circuit**

**JONES ET AL. v. GLEASON**

(November 8, 1928. Opinion and Decree.)

Dimick and Hamilton, of Shreveport, attorneys for plaintiffs, appellees.

John B. Files, of Shreveport, attorney for defendant, appellant.

ODOM, J. The plaintiffs brought this suit to cancel a contract for the sale of real estate alleged to be worth $9,000.00. The defendant, in answer, admits the execution of the contract and alleges that he paid thereunder the sum of $1700.00 cash, and monthly payments amounting to $1350.00; and, in addition thereto, the further sum of $500.00, expenditures made on said property; and prayed as follows:

"Wherefore, premises considered, respondent prays that the plaintiffs' demands be rejected at their cost, and the Central Lumber Company, Inc., be called in warranty herein, and that your respondent have judgment against the plaintiffs and the said Lumber Company and the said Realty Company, in the full sum of Four Thousand Five Hundred Dollars ($4500.00 jointly and in solido, as above alleged."

There was judgment in favor of plaintiffs, ordering contract cancelled, and decreeing that Carter Brothers Realty & Building Company, Inc., and its vendees retain any payments made by the said Gleason (defendant) upon the said property as liquidated damages.

The defendant, Gleason, asked for and was granted an appeal to this Court,· and plaintiffs moved to dismiss the appeal on

the ground that this Court has no jurisdiction ratione materiae.

The amount in dispute far exceeds the maximum jurisdiction of this Court, as it is alleged and shown that the contract sought to be annulled involves property worth $9,000.00.

But, defendant, in answer to plaintiffs' motion to dismiss, says that the only amount involved in the case is approximately $1600.00, and counsel says:

"The defendant admits that the contract was null but contended that he is entitled to be refunded approximately $1600. Therefore, the only question involved in this case is the amount of money to be paid the defendant in this case, and there is no question about enforcing the contract. The plaintiff did not sue for any money under the contract, but simply brought suit to have the contract declared void."

The answer to plaintiffs' motion to dismiss the appeal was evidently written by counsel without having the record before him. In his answer to the suit, he specifically set up that he had paid $3550.00 on the contract, and had expended on the property an additional sum of $500.00; and that he had been damaged in the sum of $1,000.00, and asked for judgment in reconvention against plaintiffs and the Carter Brothers Realty & Building Company, Inc., and the Lumber Company in solido for all of such amounts. We have read the record, and find that the amount in contest at the time the case was finally submitted on both the main and reconventional demands far exceeds the maximum jurisdiction of this Court.

Article VII, Sec. 1, of the Constitution provides:

"In all cases where there is an appeal from a judgment on a reconventional or other incidental demand, the appeal shall lie to the Court having jurisdiction of the main demand. If there be no right of appeal on the main demand, the appeal shall lie to the court having jurisdiction of the reconventional demand."

Therefore, whether the appeal was from the judgment on the main or reconventional demand, the case should have gone to the Supreme Court. However, we shall not dismiss the appeal, but transfer it to the Supreme Court, under Act No. 19, of 1912.

For the reasons assigned, it is ordered, adjudged and decreed that this appeal be transferred to the Honorable Supreme Court; and that the record be transmitted by the Clerk of this Court to the Clerk of the First Judicial District Court in and for the Parish of Caddo, Louisiana.